Wardlaw, J.
delivered the opinion of the Court.
It appears that, above the dam erected by the defendant, Packolet river had .heretofore been actually and frequently used by the public as a navigable river, and that it was, by *17 virtue of an Act of the Legislature, under the charge of public functionaries, and worked upon by the labor of the public. These circumstances, independent of appropriations made by the Legislature, rendered the river, as like circumstances would have rendered a road — a public highway, for the obstruction of which an indictment at common law lies. The first count of the indictment was then good.
The second count, too,, seems free from objection. The Act of 1823, under which it is framed, provides a remedy, under the action of the Superintendent, to effect a speedy abatement of a nuisance, from the continuance of which the public might suffer much; and no doubt was intended, among other purposes, to guard against the disputes and breaches of the peace, which might arise from private individuals exercising, in doubtful cases, the high power of abating what they deemed a nuisance, without the judgment of a responsible officer. But no punishment to the wrong doer might result from this remedy. That was to follow his being convicted “of erecting or keeping up the dam” — an offence in which the action of the Superintendent is no essential ingredient; more especially, if the erection of the dam has followed the order or appropriation mad.e by the Legislature. The statute contains a general prohibitory clause, and even if a specific remedy had been given by a subsequent clause, and no mention, been made of indietment, it might well have been maintained that an indictment would lie for the misdemeanor contained in a violation of the prohibition.—Rex v. Haines, 4 Term Rep. 405. Without doubt, a count for a misdemeanor at common law and one for misdemeanors contra for mam statuti, may be joined in the same indictment. — See 1 Chit. Cr. Law, 251. But after a general verdict of guilty, if the punishment be diverse of the two misdemeanors, which judgment shall follow ? Although the eounts here allege the of-fences as separate and distinct transactions, yet the Court knows that the allegations are only various statements of the same transaction; and the general verdict has established that all the circumstances exist which are embraced in either statement. The criminal act of the defendant, accompanied then by all the circumstances which have been found, was at common law a misdemeanor, punishable by fine and imprisonment, at the discretion .of the Court; by statute it has been subjected to the penalty of a fine “ not exceeding $500, for the use of the river where the nuisance exists.” The statute has enacted a- mitigation of the common law punishment, and even if the indictment were at common law only, *18 the provisions of the statute cannot be exceeded by the discretion of the Court. The judgment must be according to the statute. The motion is dismissed.
Richardson, J. ON e all, J. Evans, J. Frost, J. and Withers, J. concurred.

Motion dismissed.